Filed 9/17/14  P. v. Mendes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>ADAM ROSS MENDES,<br><br>    Defendant and Appellant. | C075470<br><br>(Super. Ct. Nos. CR031055,<br>  CR031056 & PR030078) |

      In case No. CR031055, defendant Adam Ross Mendes pleaded guilty to possession of methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)  In case No. CR031056, he pleaded guilty to second degree burglary (Pen. Code, §§ 459, 460)[1] and admitted a prior prison term allegation (§ 667.5, subd. (b)).  And in case

---

[1]  Undesignated statutory references are to the Penal Code.

1

No. PR030078, he admitted violating the terms of postrelease community supervision. Sentencing defendant in all three cases, the trial court imposed a two year four month county jail term and various fines and fees. The trial court also ordered defendant to pay $900 in victim restitution plus a 15 percent administrative fee.

On appeal, defendant contends the administrative fee attached to the victim restitution order is unauthorized. The Attorney General agrees. We will modify the judgment to strike the fee and affirm the judgment as modified.

DISCUSSION

We dispense with the facts of defendant's crimes as they are unnecessary to resolve this appeal. The relevant procedural facts are related in our discussion of defendant's contention.

The trial court ordered defendant to pay $900 in victim restitution plus a 15 percent administrative fee. Although the trial court did not indicate the statutory authority for the fee, the clerk's minutes state that the fee was imposed pursuant to section 1203.1, subdivision (*l*). Defendant contends, and the Attorney General agrees, that the fee is unauthorized.

Although the administrative fee is not mentioned in the original abstract of judgment or the two amended abstracts issued during the pendency of this appeal, we nonetheless reach defendant's contention. (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 385 ["Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls"].)

Section 1203.1 addresses probation conditions; subdivision (*l*) allows the entity collecting victim restitution imposed as a condition of probation to "add a fee to cover the actual administrative cost of collection, but not to exceed 15 percent of the total amount ordered to be paid." (§ 1203.1, subd. (*l*).) By its terms, the provision is limited to victim restitution imposed as a condition of probation. Where, as here, defendant is incarcerated

2

rather than placed on probation, restitution is governed by section 1202.4. While section 1202.4 authorizes a county to impose up to a 10 percent administrative fee on restitution fines, it does not authorize an administrative fee regarding victim restitution.

Because the administrative fee was unauthorized, we will modify the judgment to strike it.

DISPOSITION

The judgment is modified to strike the 15 percent administrative fee imposed on the victim restitution order. As modified, the judgment is affirmed.


                      MAURO          , J.


We concur:


         RAYE         , P. J.


        BLEASE       , J.

3